AO 108 (Rev. 06/09) Application for a Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

FILED
RICHARD W. NAGEL
CLERK OF COURT

2021 MAR -5 PM 3:39

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

In the Matter of the Seizure of )
*(Briefly describe the property to be seized)* )
) Case No.
Contents of JPMorgan Chase, Account No. 816586783, in the )
Name of Harold Joseph Doyle III DBA Choice One Auto Sales, ) 2:21-mj-158
up to $829,095.91 )

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the ___Southern___ District of ___Ohio___ is subject to forfeiture to the United States of America under ___18___ U.S.C. § ___981(a)(1)(C)___ *(describe the property)*:

Contents of JPMorgan Chase, Account No. 816586783, in the Name of Harold Joseph Doyle III DBA Choice One Auto Sales, up to $829,095.91.

The application is based on these facts:

See Affidavit which is attached hereto and incorporated herein.

☑ Continued on the attached sheet.

*Applicant's signature*

Matthew Britsch, Special Agent, USSS
*Printed name and title*

Sworn to before me and signed in my presence.

Date: March 5, 2021

City and state: Columbus, Ohio

Kimberly A. Jolson
United States Magistrate Judge

## AFFIDAVIT IN SUPPORT OF SEIZURE WARRANT

I, Matthew Britsch, being first duly sworn, hereby depose and state as follows:

1. I am a Special Agent with the United States Secret Service (USSS) assigned to the Orlando Field Office. I have been employed by the USSS since November 1999 and have been assigned to the Orlando Field Office since January 2021, as the Assistant to the Special Agent in Charge. As a Special Agent, I have been involved with numerous criminal investigations to include credit card fraud, bank fraud, access device fraud, identity theft, wire fraud, money laundering, cyber investigations, and various other crimes. I have executed numerous search and seizure warrants in my 21 years as a Special Agent. The following facts are known to me and or to agents of the USSS. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

2. The facts set forth in this affidavit are based upon my personal knowledge, my review of documents and other evidence, and information obtained from other law enforcement officers, as well as my training and experience concerning the disposition of funds of criminal activity.

3. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not set forth each and every fact that I or others have learned during the course of the investigation. Rather, it only includes the information necessary to establish probable cause for the issuance of a seizure warrant.

## PROPERTY TO BE SEIZED

4. This affidavit is made in support of a seizure warrant for **up to $829,095.91 in JP Morgan Chase Bank Account #816586783 held in the name of Harold Joseph Doyle III DBA Choice One Auto Sales, at 1121 Polaris Parkway, Columbus, Ohio 43240** (Chase Account #6783).

## LEGAL AUTHORITY FOR SEIZURE

5. As set forth in more detail below, there is probable cause to believe that up to $829,095.91 in Chase Account #6783 constitutes proceeds of a Business Email Compromise scam obtained in violation of 18 U.S.C. § 1343 (wire fraud) and, as a result, the funds are subject to civil forfeiture by the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

6. The Court's authority to order forfeiture of the proceeds of violations of 18 U.S.C. § 1343 (wire fraud) is found in 18 U.S.C. § 981(a)(1)(C). Section 981(a)(1)(C) provides for the civil forfeiture of any property, real or personal, which constitutes or is derived from proceeds from any offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7). A "specified unlawful activity," as defined in § 1956(c)(7), includes offenses listed in 18 U.S.C. § 1961(1). Specifically, § 1961(1) includes violations of 18 U.S.C. § 1343.

7. Recognizing that money is fungible, 18 U.S.C. § 984 provides that, in a civil forfeiture action against funds in an account in a financial institution, the United States need not identify the specific funds involved in the criminal offense. Rather,

2

"any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture," so long as the action against the funds is commenced within "1 year from the date of the offense." In other words, the United States may forfeit any funds in an account, even if the funds currently in the account were not involved in the relevant criminal activity, so long as the funds forfeited do not exceed the total amount of dirty funds deposited into the account within the past year.

8. The Court is authorized to issue civil seizure warrants for property under 18 U.S.C. § 981(b).

## BACKGROUND OF THE CASE

9. Over the past few years, individuals and businesses, domestically and internationally, have seen a drastic increase in victimization associated with fraud schemes, commonly referred to as a Business Email Compromise ("BEC"). The USSS has been actively investigating these schemes with attempts to identify those responsible and to recover any fraudulently obtained monies.

10. A BEC can be described as a scheme that deceives victims through multifaceted, sophisticated means using hackers, social engineers, pre-established bank accounts, and employees who have access to an institution's finances. The suspect(s) are then able to deceive the victim through fake invoices, supervisor impersonation, altered email accounts, and other means to convince the victim to wire money to another subject controlled bank account or, in some cases, remove those funds at a domestic branch in the form of a cashier's check.

3

## I. Investigation

11. The USSS is currently conducting an investigation concerning a BEC that resulted in the victim, Universal Parks & Resorts, which is located in Orlando, Florida, sustaining a financial loss of $829,095.91. The wire transfer occurred from a Universal Parks & Resorts joint venture named Beijing International Resort CO, LTD (also referred to as the Universal Parks & Resorts Beijing Park). The $829,095.91 was sent from account #10265000000547299 at the HUA XI-Bank, H.O. located in Beijing, China, specifically Hua Xi Bank Plaza, No. 22 Jianguomennei Street, Dongcheng District 100005, Beijing, China, to JP Morgan Chase Bank account #816586783, located in Columbus, Ohio.

12. On November 5, 2020, a true employee of Adirondack Scenic Inc., DBA Adirondack Studios ("ADK Studios"), sent an email to a true employee of Universal Parks & Resorts, but carbon copied (CC'd) a purported employee of ADK Studios (but with an ADKSTUDIOZ.com address, rather than the true email address of ADKSTUDIOS.COM). The subject header of this email was "Adirondack Invoices on hand 10.28." Included in this email thread was an attachment for future payments, indicating that ADK Studio's bank account information had changed to Chase Account #6783. As a result of that email, on November 19, 2020, Beijing International Resort Co, Ltd,[1] who owns Universal Beijing Resort, authorized a wire transfer in the

---

[1] Beijing International Resort Co., Ltd., is a joint venture that is 70 percent owned by Beijing Shouhuan Cultural Tourism Investment Co., Ltd., and 30 percent owned by Universal Parks & Resorts, a business unit of Comcast NBCUniversal.

4

amount of $829,095.91 to Chase Account #6783 for payment of Kungfu Panda, agreement #UBR-17-3136-DSH. The $829,095.91 was sent from account #10265000000547299 at the HUA XI-Bank, H.O. located in Beijing, China, specifically Hua Xi Bank Plaza, No. 22 Jianguomennei Street, Dongcheng District 100005, Beijing, China, to a Wells Fargo correspondent bank that served as the intermediary prior to the funds being transferred to JP Morgan Chase Bank account #816586783 located in Columbus, Ohio.

13. Thereafter, on or about November 19, 2020, Beijing International Resort Co, Ltd received notification from ADK Studios that they had not received the payment for $829,095.91.

14. On or about November 19 through November 25, 2020, NBC Information Technology, Cyber Security and Universal Parks & Resorts was informed by Beijing International Resort Co, LTD of the situation and an investigation ensued.

15. As a result, the investigation revealed that Chase Account #6783 is not the true account of ADK Studios and that a falsified invoice was created by an unknown suspect and emailed to Universal Parks & Resorts to change the payment information from the true ADK Studios bank account to Chase Account #6783.

16. This appears to have happened as a result of a malicious cyber-attack on ADK Studios wherein an ADK Studios employee was a victim of an email phishing attack. Specifically, an ADK Studios employee received emails from a fake Universal Orlando email address. Instead of Universalorlando.com, the attacker utilized

Universalorlardo.com. Included in the attacker's email was a malicious docusign link that the ADK Studios employee clicked on, resulting in what more than likely was malware or a credential harvesting tactic. Once the ADK Studios employee clicked on this malicious link, the unknown suspects had access to all the subsequent emails via the malware that was now installed and running.

17. The fraudulent emails that were sent originated from IP addresses from unknown sources in foreign countries such as Albania, Germany, and the Netherlands.

## II. Funds to be Seized

18. Chase Account #6783 is held in the name of Harold Joseph Doyle III, DBA Choice One Auto Sales. To the best of my knowledge, Harold Doyle holds sole signature authority on the account with an address on Parkeston Drive in Spring, Texas.

19. As stated above, on November 19, 2020, this account received the $829,095.91 in fraudulently obtained funds from a bank account in the name of Beijing International Resort CO, located at HUA XIA Bank in Beijing, China, via wire transfer. Chase froze the funds on February 11, 2021, for suspected criminal activity and approximately $850,000.00 currently remains in the account.

20. Investigation has revealed that Chase Account #6783 has been utilized in the past for suspected fraudulent activity. Specifically, on September 23, 2020, check #106 was deposited into this account in the amount of $50,000.00. This check was drawn on Mountain America Credit Union and was deposited in person at a

Chase Bank located at 2100 Linden Boulevard, in Brooklyn, NY 11207. In addition, this check is proceeds of a home equity line of credit account takeover from a victim in St. George, Utah. Your affiant has been in touch with a detective from the St. George, Utah Police Department and has learned that the victim in this case suffered a total loss of $179,100.00 associated with an account takeover and unauthorized home equity line of credit depletion.

## CONCLUSION

21. Based upon my training, experience, and the information contained in the preceding paragraphs, I submit that there is probable cause to believe that up to $829,095.91 in JP Morgan Chase Bank Account #816586783, held in the name of Harold Joseph Doyle III DBA Choice One Auto Sales constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1343 (wire fraud), and is, therefore, subject to civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

FURTHER AFFIANT SAYETH NOT.

Respectfully submitted,

_____
Matthew Britsch
Special Agent, United States Secret Service

Affidavit submitted by email and attested to me as true and accurate by videoconference consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) before me this 5th day of March 2021.

_____
Kimberly A. Jolson
United States Magistrate Judge